J. H. CURD *v.* R. F. MIX, ADM'R OF E. H. CURD.

**Executors and Administrators—Action Between Administrators.**

A suit can not be maintained by an administrator de bonis non against a former administrator of the same estate for failing to discharge the obligations of his bond.

**Executors and Administrators—Action for Waste.**

The right of action in a suit for waste is in the distributees, and not in the administrator de bonis non.

**Executors and Administrators—Liability for Uncollected Claim.**

Before an administrator de bonis non is chargeable with an uncollected claim of the estate for failure to collect it, it should appear not only that the party owing the debt is solvent, but that a fee bill could have been levied upon the property of the debtor.

**Executors and Administrators—Surcharging Settlements.**

Previous settlements are prima facie evidence of the correctness of the various vouchers filed therein, and before they will be rejected by the court, if there are any affidavits other than the claim-

ants as to the justness of the act and a receipt therefor, it should be made to appear by the parties surcharging the settlement, that the credit was improperly allowed for the reason that it was not owing, or that the administrator had a valid defense thereto.

### Executors and Administrators—Claims Against Estates.

Where claims against an estate are authenticated by sworn statements of witnesses and claimants, they ought not to be rejected, especially after they have been allowed in a county court.

### Executors and Administrators—Claims Against Estate.

Where claims against an administrator are sustained by affidavits of witnesses as to their correctness, and presented by the claimants, and allowed the administrator in settlement by the county commissioner, they will not after six or seven years be rejected for want of proof, unless their validity is successfully assailed and a state of case presented showing that the administrator ought to have paid them.

### Executors and Administrators—Liability of Executor for Fee Bill.

An administrator ought not to be charged with a fee bill which he failed to return to the clerk's office, if he can show that the parties owing it were insolvent.

### Executors and Administrators—Judgment Against.

A joint judgment in favor of an administrator de bonis non and the distributees, against the administrators, where the administrator de bonis non was not a party to the action and was not entitled to judgment, is erroneous.

### Executors and Administrators—Liability for Fee Bills.

An administrator should not be charged with fee bills, unless it appears that they were collected, or that the parties were solvent, lived in the county, and they should have been levied and made as provided by law after they came into the hands of the administrator.

### Executors and Administrators—Liability for Fee Bills.

Where fee bills have not been returned by the administrator, he should be allowed to show that the parties liable thereon were insolvent.

### Executors and Administrators—Liability for Fee Bills.

Fee bills returned to office by administrator should be treated as accounts unadministered, and passed to the administrator de bonis non, and the administrator should not be charged with them, unless it is shown that while they were in his hands they could have been collected, and that their return to the office has resulted in a loss to the estate by reason of insolvency of the parties.

**Executors and Administrators—Claims Against Estate.**

Where there are written evidences of debt on the part of the decedent, and they are filed as vouchers and have been credited, and a county court settlement, with the receipt of the claimant, they should be allowed.

**Court Commissioners—Report.**

Manner of making report of claims against estate stated.

**Executors and Administrators—Settlement Between Administrators.**

Where administrators desire a settlement of accounts as between each other, such requirement must be inserted in the order of reversal, or they must file a cross-pleading for that purpose.

**Executors and Administrators—Fee Bills—Collection.**

An administrator may be called upon to show whether he has collected any of the fee bills returned to the county court, as he is entitled to all the assets not administered.

**Executors and Administrators—Settlement Between Administrators.**

A settlement between two administrators in regard to their accounts should not be allowed to delay the prosecution of a suit by the distributees.

**Executors and Administrators—Suit by Distributees.**

In a suit by distributees against administrators to recover money in their hands for which they had failed to account, it is proper to make the administrators liable for any assets not reported by them and for which they failed to account.

APPEAL FROM CALLOWAY CIRCUIT COURT.

January 16, 1873.

OPINION BY JUDGE PRYOR:

The administrator de bonis non of E. H. Curd was only interested in the assets of the decedent unadministered, and the action was properly instituted by the distributees against the former administrator of the intestate to recover of them the moneys in their hands, for which they had failed to account, and also for the alleged failure of their part to administer the estate as required by the terms and stipulations of their bond.

No suit can be maintained by an administrator de bonis non against a former administrator of the same estate for failing to discharge the obligations of his bond, and in a suit for waste, the right of action is in the distributees and not the administrator de bonis

non. *Felts v. Brown,* 7 J. J. Marshall 147; *Graves v. Downey,* 3 Monroe 355; *Carroll v. Connet,* 2 J. J. Marshall 205.

If this suit is to be regarded as an action for waste and not upon the bond, no joint liability can exist when it appears that the wrong is attributable to the acts only of one of the administrators.

A joint bond was executed by the appellants, and although the sureties in this bond are not declared against, still we are satisfied after a careful reading of the petition that the bond is the foundation of the action. Its execution is not only alleged, but the stipulations therein contained, that the appellants as administrators would make a true and correct inventory of the personal estate of the decedent, and account for all the assets that might come to their hands. The bond is then made part of the petition and various breaches assigned for failing to account for moneys collected, to pay over the same, or to faithfully administer the estate.

The settlements made by the appellants in the county court are attacked, and various items of credits alleged to have been improperly allowed the administrators.

The intestate at the time of his death left his estate in such a condition as necessarily rendered a settlement of it troublesome, and attended with more than ordinary delay. He had been clerk of the court in Calloway County for many years; was a partner in the firm of Shelby & Curd, and of Shelby, Curd & Company, two mercantile establishments doing considerable business; also a partnership in farming with one McDevitt. His business was complicated and it must of necessity have required some considerable length of time before the administrators could ascertain and report the true condition of the estate.

The decedent died in 1849 and these administrators qualified in the same year and were removed as such in the year 1853, which year they made a settlement of their acts as administrators in the Calloway County Court. In the year 1859 the present suit was instituted, six years after these settlements were made, and the case referred to the commissioner to audit and settle the accounts of the appellants. Upon the settlements made in the county court these appellants retain many of the fee bills, belonging to the estate with the settlement, and state that they were so retained because they were insolvent, or not collectible by law.

The administrator de bonis non was then entitled to the fee bill

and all other claims for assets due or belonging to the estate unadministered, and if they were solvent and placed in his hands, should have proceeded to have collected them. Whether the administrator de bonis non received them or not does not appear from the record, but whether he did or not, in the administration and settlement of so many small items, with the difficulty always attending the collection of such claims, there should be discretion allowed a personal representative with reference to his action in regard to them.

By placing them in the hands of an officer for collection he may but add cost against the estate, and before he is chargeable with such a claim, or a failure to collect under the circumstances of this case, it should appear not only that the party owing it was solvent, but that the fee bill could have been levied upon the property of the debtor. If it was out of date the administrator should have returned it, for at least he would have created no liability in doing so. Many of these fee bills were in such a condition as that no levy could have been made upon the property of those against whom they were issued by reason of lapse of time, and therefore should not have been charged against the administrators.

The settlement made by the administrators was shortly after the adoption of the revised statute, and the acts of the administrators in administering the estate and for which they are sought to be made responsible, were all, or nearly all, prior to July, 1852. These settlements are prima facie evidence of the correctness of the various vouchers filed in these settlements, and before they are rejected by the court, where there is any affidavit other than the claimants as to the justness of the account and a receipt therefor, it should be made to appear by the party surcharging the settlement that the credit was improperly allowed for the reason that it was not owing, or that the administrator had some valid defense to it. Voucher 67, rejected by the commissioner in this case as an account of John Curd, is sufficiently proven. This account is for $168.43, and the appellants are now charged with the amount of the account and interest, making the whole amount $349. It was allowed in the county court and is proven by the oath of one of the administrators as well as John Curd and receipted by him.

Voucher 110 should have been allowed as a credit. It had been credited to the administrators in the settlement and seems to have been money expended by them in the building of new ferry boats

after the death of Curd. The affidavit, however, of the administrator should be appended to it. Voucher 82 should have been allowed as it was paid by the administrators and receipted by the creditor, and was for work done by them as carpenters for E. Curd.

Voucher 37 should have been credited by the commissioners, as it was paid for the estate and proven by the oath of two parties. This should be credited by the fee bills against the parties.

Voucher 50 should have been allowed. It is proven by the oath of Ellison and that of a claimant and receipt.

Voucher 14 should have been allowed. It was proven by the affidavit of one witness and the claimant and receipted. The items alluded to and rejected by the commissioners were all included in the county court settlement and the accounts of the administrators credited by them. Some of them were for work and labor done for the decedent and for articles produced, sold and delivered him. They are all authenticated by the sworn statements of witnesses and claimants, and ought not to have been rejected, particularly after they had been allowed by the county court settlement. Many other items rejected are proven in the same way and should not have been charged to the appellants. This does not preclude the appellees, however, from showing that the accounts and claims were improperly paid, as that the administrators knew that they were unjust, or that they had set-offs against them which they failed to use or apply as a payment, but where claims are paid by administrators prior to 1852, based upon the affidavits of the claimant and others as to their correctness and receipted by the claimants and allowed the administrators in a settlement by the county commissioners, it will not do after the lapse of six or seven years to reject the claims for the want of proof unless their validity is successfully assailed and a state of case presented showing that the administrator ought not to have paid them. Nor ought the administrator be charged with fee bills that they failed to return to the clerk's office if they can show that the parties owning them were insolvent, with an absence of proof that they were ever collected. The final judgment in this case is also erroneous. Mix was not properly a party to the action. Duncan, the former administrator de bonis non, was not made a defendant and never answered, and the order substituting Mix, the present administrator, as a defendant as plaintiff, and the adoption of Duncan's answer by him was erroneous,

as Duncan had never filed an answer and seems not to have been a party plaintiff or defendant. The judgment is a joint judgment in favor of Mix as administrator de bonis non and the distributees against the administrators when Mix was not seeking any judgment, and entitled to none.

This case should go back to the commissioner for settlement without reference to the settlement heretofore made by him. He should allow all claims or demands sustained by affidavits of the claimants and a single witness as to their justice that have been allowed by the county court unless it is shown that they were not valid, or that the administrators had set-offs and failed to apply them. No such affidavit or authentication should be required, as it is made unnecessary by the existing law. The administrators should not be charged with fee bills unless it appears they were collected or that the parties were solvent, lived in the county and that they could have been levied and made as provided by law after they came to the hands of the administrator, as they had been allowed by the county court, and this was prima facie evidence that he acted right in refusing them.

Where fee bills have not been returned by the administrators they should be allowed to show that the parties were insolvent. As to the fee bills returned to the office, we are inclined to the opinion that they were accounts unadministered and passed to the administrator de bonis non, and the administrator should not be charged with any of them unless it is shown that whilst these fees were in their hands they could have been collected and the return of them to the office has caused a loss to the estate by reason of the insolvency of the parties. Where there are written evidences of debt on the part of the decedent and they are filed as vouchers and have been credited in the county court settlement, with the receipt of the claimant, they should be allowed.

The firm of Shelby & Curd seems to have been conducted by Shelby and there was no laches on the part of the administrator in failing to sue or settle with Shelby until the year 1850. This was about a year after the administration, and as the decedent Curd seems to have entrusted him with the entire business during the existence of the partnership, his administrators should not be held responsible, when they in fact proceeded by suit against him within a year after the death of their intestate. When the case is again

before the commissioner in making out his report, he should annex with each item or voucher attached the proof of each party, viz.: the evidence upon which it was paid and the evidence against it, or where it is excluded for want of proof the authentication should accompany the voucher so that the court can see from the report itself, first, the voucher; second, the proof to sustain it, and third, the proof against it, or the reason for excluding the voucher.

If the administrators desire a settlement of the accounts as between each other, they must have it inserted in the order of reversal, or file a cross-pleading for that purpose. The administrator can be called upon to show whether or not he has collected any of the fee bills returned to the county court, as he was entitled to all the assets unadministered. The settlement between the two administrators in regard to their accounts should not delay the prosecution of the suit by the distributees. It is also proper in this proceeding to make the administrators liable for any assets never reported by them and for which they have failed to account.

The settlement, however, must be made de novo. The judgment is reversed and cause remanded for further proceedings consistent with this opinion.

The appellants should be permitted to introduce additional proof in regard to their claims and inasmuch as they are in default and obtain this relief they should pay one-half the costs in this court.

Although there is no evidence of any improper conduct on the part of the commissioner in this case, as the errors might well have been committed by either commissioner or judge, and were in fact sanctioned by the court, still, if parties desire they should have a commissioner in no wise interested or related to the parties.

*Brown, Bush, Alexander, for appellant.*

*Williams, Stubblefield, Beckham, for appellee.*